IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **THD PARTNERS, LLC** | § | |
| | § | |
| v. | § | A-16-CV-849-LY |
| | § | |
| **JAG RESOURCES, INC. and NX UTILITIES, LLC** | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO: THE HONORABLE LEE YEAKEL
UNITED STATES DISTRICT JUDGE

Before the Court are Defendant and Third-Party Plaintiff JAG Resources, Inc.'s Requests for Entry of Default and Requests for Entry of Default Judgment (Dkt. No. 33 and 34). Also before the Court is Plaintiff THD Partners, LLC, Third Party Defendant Aron Lofton, and Third Party Defendant THD Construction Services, LLC's Motion to Set Aside Entry of Default Judgment (Dkt. No. 42) and JAG Resources' Response (Dkt. No. 45). The District Court referred the above motion to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. §636(b)(1)(A), Fed. R. Civ. P. 72, and Rule 1(c) of Appendix C of the Local Rules.

**I. GENERAL BACKGROUND**

This is a breach of contract suit, involving a contract to install underground cable and facilities in the San Antonio and Austin area. The case involves numerous parties, counter-claims and cross-claims. The case was originally filed in Travis County state court by plaintiff THD Partners, LLC. THD originally sued JAG Resources, Inc., and NX Utilities, LLC for breach of contract and quantum meruit, alleging it is owed money for work performed pursuant to a Master Services Agreement, the contract at issue in this case. NXU then brought a cross-claim against JAG, asserting it was not a party to the Master Services Agreement between THD and JAG, and asserting separate breach of contract

and other claims against JAG involving the contract between JAG and NXU. NXU removed the case to federal court. (Dkt. No. 1).

On August 17, 2017, JAG brought counterclaims against THD, alleging, among other things, THD is liable to JAG for defaulting on a December 9, 2015 Promissory Note. JAG also brought crossclaims against NXU for breach of contract for failure to properly and timely pay pursuant to the August 12, 2015 Subcontractor Agreement. (Dkt. No. 16). Subsequently, JAG brought a Third-Party Complaint against THD Construction for its malfeasance, alleging that THD Construction and not THD Partners was the actual signatory to the relevant contract, and thus added it to its breach of contract suit. (Dkt. No. 19). JAG also asserted a breach of contract claim against Third-Party Defendant Aron G. Lofton claiming that Lofton provided a written guarantee for a $25,000 loan from JAG to THD. JAG argues that THD defaulted on its obligation to repay the loan, and Mr. Lofton defaulted on his guarantee obligation. JAG seeks to recover for this additional breach. (Dkt. No. 19).

JAG returned the executed summons on THD and Aron Lofton on October 30, 2017. (Dkt. Nos.27 & 28). THD and Lofton failed to Answer. On February 14, 2018, JAG moved the clerk to enter a default judgment against THD and Lofton pursuant to Rule 55. (Dkt. No. 33). On the same date, JAG moved the clerk to enter a default judgment against THD pursuant to Rule 55, for failing to answer JAG Resources' counterclaims. (Dkt. No. 34). The Clerk entered a default against THD Construction, Lofton, and THD Partners on February 15, 2018. (Dkt. Nos. 37 & 38). On March 29, 2018, this Court entered a show cause order ordering THD Construction, Lofton, and THD Partners to show cause why the Court should not enter default judgment on behalf of JAG. (Dkt. No. 41). On April 6, 2018, THD Partners, THD Construction, and Lofton filed their motion to set aside any default judgment. (Dkt. No. 42).

## II. ANALYSIS

Under Rule 55, a default occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules of Civil Procedure. *New York Life Insurance Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). After defendant's default has been entered by the clerk of the court, the plaintiff may apply for a judgment based on such default. *Id*. However, a party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default. *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001). The entry of a default judgment is therefore committed to the sound discretion of the district judge. *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977). A district court's decision to grant or deny default judgment is reviewed for abuse of discretion. *Lewis*, 236 F.3d at 767.

Pursuant to Rule 55, "a district court 'may set aside an entry of default for good cause." *Moreno v. LG Eleccs, USA Inc.*, 800 F.3d 692, 698 (5th Cir. 2015). "The language of this rule is discretionary." *Id.* In exercising its discretion to determine whether good cause has been shown, a district court generally examines three factors: "(1) whether the failure to act was willful; (2) whether setting the default aside would prejudice the adversary; and (3) whether a meritorious claim has been presented." *Effjohn Int'l Cruise Holdings, Inc. v. A&L Sales, Inc.*, 346 F.3d 552, 563 (5th Cir. 2003). As "[t]hese factors are not exclusive," "[o]ther factors may be considered, such as whether the party acted expeditiously to correct the default." *Id.*; *see also Moreno*, 800 F.3d at 698 ("[D]istrict courts generally should grant motions to set aside a default unless the default was willful, the plaintiff will be prejudiced, or the defendant has no meritorious defense).

THD Construction, Lofton, and THD Partners argue that the Clerk's entry of default against them should be set aside because their attorney erred in missing the response deadlines. The attorney, Jerry Rios, maintains that he had set the e-mail notifications in this case to be forwarded to his legal

3

assistant, and forgot to re-set them when she left his employment in November. He also discovered in April of 2018 that his PACER account was suspended for non-payment, and rectified this matter. THD Construction, Lofton, and THD Partners assert that JAG will not suffer prejudice by setting aside the Clerk's entry of default as little time has passed since its entry. Additionally, the Defendants assert that they have meritorious defenses to JAG's claims. THD Partners asserts it is not a proper party to the suit as it was not a party to the contract. THD Construction and Lofton argue that, while both owe JAG money, the resolution of the other claims in the suit will make JAG whole. Additionally, THD Construction, Lofton, and THD Partners maintain that the failure to respond was not willful, but because of a mistake by their shared attorney.

JAG responds that a mistake by an attorney is insufficient to establish the "good cause" required to set aside the entry of a default judgment. Additionally, JAG maintains that the default was willful as THD Partners has failed to: (1) properly investigate its claims as THD Construction was the real party to the contract it sued under; and (2) serve its Rule 26 Initial Disclosures; and (3) respond to discovery requests. JAG further maintains that counsel for THD Construction and Lofton failed to respond after agreeing to waive service, requiring JAG to obtain service via process server. Additionally, counsel for all three entities failed to appear for the initial pretrial conference, and all three entities failed to file answers to its claims and counterclaims. JAG asserts that it would be prejudiced by setting aside the Clerk's entry of default because such action by the court would cause a loss of evidence. Lastly, JAG maintains that the three entities have not made out meritorious defenses.

First the Court finds that the Defendants' failure to file an answer or otherwise respond was not willful. While counsel's actions in this case in not responding were negligent, the actions do not amount to intentional willful conduct. (As an aside, the Court notes that it is difficult to understand

how the loss of a legal assistant in November impinged on counsel's ability to waive service and carry out other actions *prior* to that date.) A mistake is enough to support a finding of good cause. *See AAR Supply Chain Inc. v. N & P Enterprises, LLC,* 2017 WL 5626356. (N.D. Tex. November 22, 2017) (Slip Copy). Additionally, THD Partners' failure to file initial disclosures, or otherwise respond to discovery does not show willfulness, as all parties agree THD Partners is improperly named in this litigation and the proper party to the suit is THD Construction. Additionally, even though the Court has not made a finding of willfulness in this case, district courts have applied Fifth Circuit law to set aside a clerk's entry of default even though default was found to be willful. *See Hilseweck P'ship v. Eastern Energy Resources, Inc.*, 2011 WL 3501719 at *2 (N.D. Tex. 2011); *Parker v. Bill Melton Trucking, Inc.*, 2016 WL 5704172, at *3 (N.D. Tex. Oct. 3, 2016).

As for prejudice, "mere delay does not alone constitute prejudice." *Lacy v. Sitel Corp.*, 227 F.3d 290, 293 (5th Cir. 2000). Additionally, pointing to "expected difficulties [the plaintiff] may face if forced to proceed with further litigation" and "requiring a plaintiff to prove his case do[ ] not constitute prejudice." *Jenkens & Gilchrist v. Groia & Co.*, 542 F.3d 114, 122 (5th Cir. 2008). "Rather, the plaintiff must show that the delay will result in the loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion." *Lacy*, 227 F.3d at 293. JAG has failed to establish the sorts of facts needed to show prejudice—the potential loss of evidence, increased difficulties in discovery, or increased opportunity for fraud or collusion. This factor weighs in favor of setting aside the clerk's entry of default.

As to whether THD Construction Services, Lofton, and THD Partners can make out a meritorious defense, the Courts find that, at a minimum, they have offered some defense, essentially that they performed under the relevant contract, and that JAG has not suffered damages. This is sufficient under the relevant inquiry.

5

The Fifth Circuit has noted that the Federal Rules of Civil Procedure disfavor default judgments and that they should only be resorted to by courts in extreme situations. *Lindsey, et al. v. Prive Corp., et al.*, 161 F.3d. 886, 893 (5th Cir. 1998); *Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 936 (5th Cir. 1999). In this case, the defaulting parties obtained counsel, and counsel has been responsive since resolving his administrative issues. Thus, there is good cause to set aside the Clerk's entry of default. At the same time, the Defendants' counsel's behavior, and perhaps also that of his clients, has not been a paradigm of excellence, and the Court wants all to be aware that further transgressions of the Federal Rules will not be tolerated by the Court.

If a court finds good cause to set aside a Clerk's entry of default, default judgment is automatically without foundation and any motion for such must be denied. *See Lewis v. Morehouse Det. Ctr.*, Civ. A. No. 09-0332, 2010 WL 2360720, at *1 (W.D. La. Apr. 30, 2010) ("Having set aside the Clerk's entry of default against the individual defendants, plaintiff now lacks the requisite foundation for a default judgment against them."), rec. adopted, 2010 WL 2360669 (W.D. La. June 9, 2010).

### III. RECOMMENDATIONS

In accordance with the foregoing discussion, the Court **RECOMMENDS** that the District Court **GRANT** Plaintiff THD Partners, LLC, Third Party Defendant Aron Lofton, and Third Party Defendant THD Construction Services, LLC's Motion to Set Aside Entry of Default Judgment (Dkt. No. 42) and **DENY** Third-Party Plaintiff JAG Resources, Inc.'s Request for Entry of Default and Request for Entry of Default Judgment (Dkt. No. 33) and Defendant JAG Resources, Inc.'s Request for Entry of Default and Request for Entry of Default Judgment (Dkt. No. 34).

## IV. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150–53 (1985); *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 15th day of September, 2017.

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE